COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-500-CR
2-03-501-CR
2-03-502-CR
2-03-503-CR
2-03-504-CR
  
   
JACK 
LEE MARTINEZ                                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
July 11, 2003, appellant Jack Martinez entered a non-negotiated plea of guilty 
to four counts of aggravated robbery with a deadly weapon and one count of 
robbery by threat and pled true to an enhancement allegation in each case.  
The trial court ordered a presentence investigation (PSI) report to be prepared 
before assessing punishment.  On November 20, 2003, at the punishment 
hearing, appellant stated that he had no objection to the PSI report, and the 
trial court assessed appellant’s punishment at fifty years’ confinement in 
each case, with the sentences to be served concurrently.
        In 
one point, appellant argues that the PSI report violated the Confrontation 
Clause of the Sixth Amendment of the United States Constitution because the 
report contained hearsay statements made by the victims of each crime.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled 
on the request, objection, or motion, either expressly or implicitly, or the 
complaining party must have objected to the trial court’s refusal to 
rule.  Tex. R. App. P. 
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
        Except 
for complaints involving systemic requirements, or rights that are waivable 
only, all other complaints, whether constitutional or otherwise, are forfeited 
by failure to comply with rule 33.1(a).  Mendez, 138 S.W.3d at 
342.  The court of criminal appeals has used the term “fundamental” to 
describe complaints that may be raised for the first time on appeal.  Id. 
at 341.
        Appellant 
offers no legal authority to support the argument that Confrontation Clause 
violations constitute fundamental error.  Moreover, the court of criminal 
appeals has held that hearsay errors are not fundamental and must be preserved 
with a timely and specific objection to the evidence.  Moore v. State, 
935 S.W.2d 124, 130 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1219 
(1997).  Therefore, because appellant did not object to the PSI report at 
the punishment hearing, he failed to preserve error for purposes of appeal. We 
overrule appellant’s point and affirm the trial court’s judgments.
     
  
                                                                  PER 
CURIAM
 
  

PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: 
October 14, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.